PER CURIAM.
These appeals have been consolidated for the use of one record on appeal and for oral argument.
The appellant has raised four questions which she urges as a basis for a reversal of the decree appealed. Only one of these questions do we consider it necessary to discuss, and that is whether or not the chancellor was in error in concluding that “all obligations and indebtedness hereinbe-fore or hereafter paid are payable from and chargeable to the corpus of said estate and no part of said obligations and indebtedness shall be paid from income * * *” We conclude that he was.
First, the will provides that the “net income after payment of all expenses” shall be paid in equal parts to the defendants during their lives. In addition, § 690.13, Fla. Stat., F.S.A., likewise supports the same conclusion. This section in effect provides that all ordinary expenses of a trust estate, including certain named items, shall be paid out of income. It then provides that all other expenses, naming specific ones, shall be allocated to principal. See 21 Fla.Jur., Life Estates, § 61, et seq. Clearly this portion of the court’s decree is contrary not only to the provisions of the will of the testator but in conflict with the controlling law.
We have considered the other points raised by the appellant and find them to be without merit.
Accordingly, paragraph #6 of the summary final decree, which provides that all obligations and indebtednesses of the trust estate shall be chargeable to the corpus of said estate, is stricken, and the decree, as modified, is affirmed.
Decree modified, and as modified, affirmed.